SCHWARTZ, Senior Judge.
 

 On this appeal from convictions and a 30-year sentence with a 25-year min-man for attempted armed robbery and armed burglary, the sole issue challenges the admission of the defendant’s inculpato-ry statements to the police. Of the various grounds asserted, the only one which deserves discussion argues that the
 
 Miranda
 
 
 *1172
 
 waiver, which was otherwise impeccably secured, was spoiled by the utterance, “S-t, nigga ain’t got one,”
 
 [1]
 
 stated while he was indicating his willingness to speak without counsel by initialing that provision of the standard waiver form. It was not.
 

 In agreement with both sides, we take it from this comment that the defendant was reflecting his awareness of and perhaps displeasure with the fact that there was no attorney actually present when he waived his
 
 Miranda
 
 rights. It is established, however, that these rights do not include one to have a lawyer immediately available before questioning can begin. As the Supreme Court has stated,
 
 “Miranda
 
 does not require that attorneys be producible on call ...
 
 Miranda
 
 requires only that the police not question a suspect
 
 unless he waives his right to counsel,”
 
 [e.s.], which San Martin clearly did.
 
 See Duckworth v. Eagan,
 
 492 U.S. 195, 204, 109 S.Ct. 2875, 106 L.Ed.2d 166 (1989);
 
 see also Everett v. State,
 
 893 So.2d 1278, 1285 (Fla.2004),
 
 cert. denied,
 
 544 U.S. 987, 125 S.Ct. 1865, 161 L.Ed.2d 747 (2005).
 

 Affirmed.
 

 [1]
 

 .
 
 See Almeida
 
 v.
 
 State,
 
 737 So.2d 520, 523 (Fla.1999), ce
 
 rt. denied,
 
 528 U.S. 1182, 120 S.Ct. 1221, 145 L.Ed.2d 1121 (2000) ("Custodial utterances are extraordinarily rich in diversity. ... ”).